UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| EBONY GRANTONZ, et al., ) | CASE NO. 1:21CV2137 |
| ) | |
| Plaintiffs, ) | SENIOR JUDGE |
| ) | CHRISTOPHER A. BOYKO |
| vs. ) | |
| ) | OPINION AND ORDER |
| MICHELLE D. EARLEY, et al., ) | |
| ) | |
| Defendants. ) | |

**CHRISTOPHER A. BOYKO, SR. J.**:

This matter comes before the Court upon the Motion (ECF DKT #2) of Plaintiffs Ebony Grantonz and Sylvester White for Temporary Restraining Order. For the following reasons, the Motion is granted.

**I. FACTUAL BACKGROUND**

On November 10, 2021, Plaintiffs filed their Verified Complaint for Temporary Restraining Order, Preliminary & Permanent Injunctive Relief and Declaratory Relief. (ECF DKT #1). On the same date, Plaintiffs filed the instant Motion for Temporary Restraining Order. Administrative Order 2021-05 (AO 2021-05) requires Cleveland Municipal Court employees to take one of the COVID-19 vaccines and to be fully vaccinated by December 15, 2021, or be terminated from their employment. Pursuant to Paragraph #4 of AO 2021-05: "Any employee who believes he/she has a qualifying medical condition or sincerely held religious belief must contact the Court's HR Department to begin the exemption process no later than September 27, 2021."

Both Plaintiffs submitted religious exemption request forms and both of their requests

were accepted for review.  However, on October 28, 2021, Plaintiffs received letters from Defendant Russell Brown informing them that their requests had been denied:  "After careful review, the Court was unable to approve your request for a religious exemption for the vaccination requirement for all staff."  (ECF DKT #2-6 & #2-7).  No reasons for the denial were provided.

Plaintiffs allege that they have sincerely-held religious beliefs that inform their conscience and their faith-based decision not to have a COVID-19 shot injected into their bodies.  Thus, Plaintiffs allege that they face the dilemma of either betraying their deeply-held, sincere religious convictions in order to maintain their employment, or staying true to their beliefs and losing their jobs.

Plaintiffs allege that they have suffered constitutional violations of their First Amendment right to free exercise of religion and their Fourteenth Amendment rights to privacy, personal autonomy and identity.  They also claim that Defendants have violated Article I, Section 7 of the Ohio Constitution which preserves the free exercise of religion. Plaintiffs ask this Court to grant injunctive relief to preserve the status quo and to prevent Defendants from taking any action against Plaintiffs due to their vaccination status.

Plaintiff Grantonz is currently employed as a personal bailiff for one of the judges sitting on the Cleveland Municipal Court and she has held this position since early 2007. Plaintiff White is employed as a court reporter for the Cleveland Municipal Court and has been so employed since September 2002.

Defendant Michelle D. Earley is the Administrative and Presiding Judge of the Cleveland Municipal Court who signed and implemented AO 2021-05, which was journalized

on September 17, 2021. Defendant Russell R. Brown III is the Court Administrator of the Cleveland Municipal Court and is the individual who signed the letters denying Plaintiffs' requests for religious exemptions. Defendant Tanya Jones is the Human Resources Director for the Cleveland Municipal Court and Defendant Marinelli Rivera is the Human Resources Director for the Cleveland Municipal Court Clerk of Court.

In opposition to Plaintiffs' Motion for Temporary Restraining Order, Defendants argue that the Court issued AO 2021-05 in recognition of the continuing risk posed by COVID-19 and in expression of the Court's commitment to providing a safe workplace and safe, efficient services to the community. Defendants contend that denial of the exemptions was proper because Plaintiffs' requests were based upon personal, secular beliefs and not upon sincerely- held religious beliefs. Defendants offer evidence that the alternative option of mandatory testing would be unduly costly and burdensome to the court. Defendants conclude that, on balance, the compelling interest in preventing further spread of COVID-19 to Cleveland Municipal Court employees, visitors and the general public tips the scales in favor of denying Plaintiffs' injunctive relief.

## II. LAW AND ANALYSIS

**Standard of Review**

Injunctive relief is an extraordinary remedy and is issued cautiously and sparingly. *See Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312-313 (1982). "Decisions regarding a temporary restraining order are within the discretion of a district court." *See Ohio Republican Party v. Brunner*, 543 F.3d 357, 361 (6th Cir. 2008).

Four factors must be considered when deciding whether to grant an injunction:

(1) whether the movant has a strong likelihood of success on the merits; (2) whether there is a threat of irreparable harm to the movant; (3) whether others will suffer substantial harm as a result of the injunction, should it issue; and (4) whether the public interest will be served by the injunction. *See Rock & Roll Hall of Fame and Museum, Inc. v. Gentile Prods.*, 134 F.3d 749, 753 (6th Cir. 1998); *Vittitow v. Upper Arlington*, 43 F.3d 1100, 1109 (6th Cir. 1995) (the four factors are "not prerequisites to be met, but factors to be balanced."); *D.B. v. Lafon*, 2007 U.S. App. LEXIS 3886 (6th Cir. 2007). While no single factor will be determinative as to the appropriateness of the equitable relief sought, (*In re DeLorean Motor Co.*, 755 F.2d 1223, 1229 (6th Cir. 1985)), "a finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzales v. Nat'l Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000).

The moving party must establish its case by clear and convincing evidence. *See Deck v. City of Toledo*, 29 F.Supp. 2d 431, 433 (N.D. Ohio 1998), *citing Garlock, Inc., v. United Seal, Inc.*, 404 F.2d 256, 257 (6th Cir. 1968). Clear and convincing evidence must produce a firm belief about the facts to be proved. It must be more than evidence that simply outweighs or overbalances the evidence opposed to it.

**First Amendment - Free Exercise Clause**

"The Free Exercise Clause of the First Amendment, applicable to the States under the Fourteenth Amendment, provides that 'Congress shall make no law . . .prohibiting the free exercise' of religion." *Fulton v. City of Philadelphia, Pennsylvania*, 141 S.Ct. 1868, 1876 (2021).

"The Free Exercise Clause in our Constitution provides protections against a law that 'discriminates against some or all religious beliefs or regulates or prohibits conduct because it

is undertaken for religious reasons.'" *Dahl v. Board of Trustees of Western Michigan University*, No. 1:21-cv-757, 2021 WL 3891620, *2 (W.D. Mich. Aug. 31, 2021), quoting *Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah*, 508 U.S. 520, 532 (1993).

"[R]eligious beliefs need not be acceptable, logical, consistent, or comprehensible to others in order to merit First Amendment protection." *Thomas v. Review Bd. of Ind. Employment Security Div.*, 450 U.S. 707, 714 (1981).

The court's obligation is to decide whether the burden the governmental entity places on the plaintiff's religious exercise is constitutionally permissible. *Fulton*, 141 S.Ct. at 1876.

Laws or policies that incidentally burden religion are typically not subject to strict scrutiny under the Free Exercise Clause as long as they are neutral and generally applicable. *Employment Division, Department of Human Resources of Oregon v. Smith*, 494 U.S. 872, 878-882 (1990). When laws "infringe upon or restrict practices because of their religious motivation, the law is not neutral." *City of Hialeah*, 508 U.S. at 533. "When [a] law forces an individual to choose between following her religious beliefs or forfeiting benefits, the law places a substantial burden on the individual's free exercise of religion." *Dahl*, 2021 WL 3891620 at *2, citing *Living Water Church of God v. Charter Twp. of Meridian*, 258 F.App'x 729, 734 (6th Cir. 2007).

A law is not generally applicable if it "invite[s]" the government to consider the particular reasons for a person's conduct by providing "'a mechanism for individualized exemptions.'" *Fulton,* 141 S.Ct. at 1877; *Smith*, 494 U.S. at 884. "The creation of a formal mechanism for granting exceptions renders a policy not generally applicable, regardless whether any exceptions have been given, because it 'invite[s]' the government to decide

which reasons for not complying with the policy are worthy of solicitude." *Fulton*, 141 S.Ct. at 1879, quoting *Smith*, 494 U.S. at 884.

Consequently, "where a state extends discretionary exemptions to a policy, it must grant exemptions for cases of 'religious hardship' or present compelling reasons not to do so." *Dahl*, 15 F.4th at 733, citing *Fulton*, 141 S.Ct. at 1877.

Paragraphs #4 through #6 of AO 2021-05 provide for an exemption process. Employees who believe they have a qualifying medical condition or a sincerely-held religious belief must begin the process by contacting the Municipal Court's HR Department and by completing an exemption request form. Requests for exemption require supporting documentation.

> A committee to review exemption requests, comprised of HR managers from the General Division, Housing Division, and Clerk of Court, will be formed; however, final determination on any exemption will be made by the appointing authority of each division. (Paragraph #5).

Plaintiff Grantonz sought an exemption because she believes that the research and development of the COVID-19 vaccines involved fetal cell cultures from abortion procedures and abortion is contrary to her Christian values. Also, Plaintiff Grantonz believes that the human body is the temple of the Holy Spirit. A supporting statement from Reverend Henry Curtis acknowledged that having a COVID-19 vaccine injected into her body presents Plaintiff Grantonz with an ethical and moral dilemma and violates her deeply-held Christian beliefs.

Plaintiff White attested that he has taken no vaccines in the past five years. As supported by Elder Steven Newton, Plaintiff White believes he must decline any vaccine that may be dangerous to his body and detrimental to his health, particularly vaccines containing

fetal tissue. Plaintiff White also holds the specific belief that the body is the temple of Christ. He adds that the vaccine poses a danger because it is not approved by the FDA.

The October 28, 2021 letters to Plaintiffs stated simply: "After careful review, the Court was unable to approve your request for a religious exemption for the vaccination requirement for all staff." The letters concluded: "Exemption denials are final and are not subject to appeal." (Plaintiffs' Exhibits E & F, ECF DKT #2-6 and ECF DKT #2-7).

Where the Cleveland Municipal Court Order compels Plaintiffs to choose between following their religious beliefs or forfeiting their jobs, it significantly burdens their free exercise of religion and is not neutral. Further, by setting up a mechanism for exemptions which are granted at Defendants' discretion and without an opportunity for appeal, AO 2021-05 is not generally applicable.

As AO 2021-05 is not neutral and not generally applicable, the Court must analyze the Cleveland Municipal Court policy under the "strict scrutiny" standard. Defendants, therefore, must prove that their decisions not to grant Plaintiffs' religious exemptions survive strict scrutiny analysis. "That manner of scrutiny requires defendants, to prevail, to show that [their] failure to exempt plaintiffs serves 'interests of the highest order' and is narrowly tailored to achieve those interests." *Dahl*, 15 F.4th at 734-735.

Defendants insist that their policy serves the compelling interest of preventing the further spread of COVID-19 among its employees, visitors to Municipal Court and the general public. The Court does not doubt Defendants' sincere desire to try and lessen the spread of the virus.

Moreover, Defendants assert that Plaintiffs' concerns about the vaccine are secular in

nature and do not implicate Plaintiffs' Free Exercise rights. And "no one, whether a person of faith or not, has a right "to expose the community ... to communicable disease." *Prince v. Massachusetts*, 321 U.S. 158, 166–67 (1944).

Nevertheless, the question confronting the Court is not whether Defendants have a compelling interest in promoting health and safety among its employees and the public the Municipal Court serves, but whether Defendants have an "interest of the highest order" in denying the exemptions to Plaintiffs.

"The Free Exercise Clause does not protect sympathetic religious practices alone. And that's exactly what the federal courts are not to judge—how individuals comply with their own faith as they see it. *Roberts v. Neace*, 958 F.3d 409, 416 (6th Cir. 2020), citing *Smith*, 494 U.S. at 886–87.

The Cleveland Municipal Court's Administrative Order AO 2021-05 does not pass the test of strict scrutiny. Defendants have not articulated compelling reasons for denial of religious exemptions. In the October 2, 2021 letters to Plaintiffs, in fact, Defendants provided no reasons whatsoever. A policy, such as the one before this Court, that infringes the free exercise of religion, that does not serve interests of the highest order and is not narrowly tailored to achieve those interests cannot survive strict scrutiny.

### III. CONCLUSION

Plaintiffs have established a likelihood of success on their claim that Defendants' denial of a religious exemption from a vaccine requirement for its employees violates Plaintiffs' right to the free exercise of religion under the First Amendment. Actions for injunctions in constitutional cases often turn on the likelihood of success on the merits,

making it unnecessary to dwell on the remaining three factors ---- irreparable harm, balance of harms and public interest. *Roberts*, 958 F.3d at 416; *City of Pontiac Retired Emps. Ass'n v. Schimmel*, 751 F.3d 427, 430 (6th Cir. 2014) (*en banc*) (*per curiam*).

Defendants are enjoined from enforcing the COVID-19 vaccine requirement in AO 2021-05 against Plaintiffs Grantonz and White. Defendants may not terminate Plaintiffs' employment for the reason that Plaintiffs have not received a COVID-19 vaccine.

The Temporary Restraining Order is effective as of the date of the entry of this Order and will expire in accordance with Fed.R.Civ.P. 65. The Court dispenses with the requirement of posting appropriate bond or security.

On or before December 17, 2021, the parties shall submit a joint proposal for the schedule of this case going forward. The parties shall inform the Court whether expedited discovery is necessary and shall propose agreed available dates for a preliminary injunction hearing.

**IT IS SO ORDERED.**

**DATE: December 10, 2021**

 s/Christopher A. Boyko
**CHRISTOPHER A. BOYKO
Senior United States District Judge**